UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

THOMAS STALCUP, )
         Plaintiff, )
)
v. )
)
The CENTRAL INTELLIGENCE AGENCY )
AGENCY of the UNITED STATES )
of AMERICA, )
         Defendant )

CIVIL ACTION NO.

## I. PARTIES

1.    The plaintiff, THOMAS STALCUP at all times relevant to the allegations of this Complaint, is a citizen of the United States of America and has been a resident of the Town of Sandwich, Barnstable County, in the Commonwealth of Massachusetts.

2.    The defendant, the CENTRAL INTELLIGENCE AGENCY, is an agency of the of the United States organized and existing under the laws of the United States of America.

## II. JURISDICTION & VENUE

3.    Subject matter jurisdiction exists pursuant to 5 USC § 552(a)(4)(B) which grants a district court of the United States jurisdiction to enjoin an agency from improperly withholding records and to order said agency to produce such records to the complainant. Venue is proper in the District of Massachusetts under 5 USC § 552(a)(4)(B) which grants jurisdiction to the distric court in the district in which the complainant, Chairman of the Flight 800 Independent Researchers Organization, Thomas F. Stalcup, lives.

4.    Plaintiff Stalcup, has exhausted his administrative remedies, and is therefore entitled to judicial review of this claim pursuant to 5 USC § 552(a)(4)(B).

## II. STATEMENT OF FACTS

5. On or about March 31, 2010, pursuant to the Freedom of Information Act (hereinafter, FOIA), plaintiff Stalcup requested from defendant CIA electronic "copies of all data, images, video, documents and/or other information regarding the CIA's involvement in the TWA Flight 800 Investigation," among other information as described in the original March 2010 FOIA request that is attached to this Complaint as **Exhibit A** and herein incorporated by reference.

6. The CIA responded (CIA reference number F-2010-00895) to the above mentioned FOIA request on or about June 2, 2010 by releasing seven selected internal CIA emails between CIA agents who were involved in creating the CIA video "TWA Flight 800: What Did the Eyewitnesses See?". The seven released emails span from July 30, 1996 to November of 1997, attached hereto as **Exhibit B**, contain discussions regarding certain eyewitnesses, radar evidence, and other topics and are incorporated herein by reference.

7. Plaintiff Stalcup appealed the CIA's limited response on or about June 17, 2010, requesting that all additional materials from their file on TWA Flight 800 be released to him. Plaintiff's written appeal is attached hereto as **Exhibit C**, and is incorporated herein by reference.

8. The Defendant CIA has redacted the names of agents involved in the limited documents it has produced, and has not otherwise asserted any concern for individual privacy, any investigatory privilege or any reason of national security in response to Plaintiff Stalcup's request for the remainder of its file on TWA Flight 800.

9. The Defendant CIA has failed and/or refused to respond in timely fashion to Plaintiff Stalcup's appeal, as within the twenty working days specified under the Freedom of Information Act or otherwise.

**COUNT I:   REQUEST FOR MANDATORY INJUNCTIVE RELIEF ORDERING THE DEFENDANT CIA TO RELEASE ALL RECORDS DESCRIBED IN THE PLAINTIFF'S REQUESTS UNDER THE FREEDOM OF INFORMATION ACT.**

10.   The plaintiff hereby incorporates by reference the allegations of Paragraphs 1 through 5 of this Complaint as though fully set forth herein.

11.   U.S.C. § 552 (a)(3) requires that governmental agencies "upon any request...shall make the records promptly available to any person."

12.   Defendant CIA must be ordered by the Court to comply fully with Plaintiff Stalcup's FOIA request, their File F-2010-00895 forthwith.

**COUNT II:   REQUEST FOR COSTS & ATTORNEYS FEES FOR BAD FAITH REFUSAL TO COMPLY WITH FOIA STATUTORY MANDATE.**

13.   The Defendant CIA's failure and refusal to release its full file to Plaintiff was in willfu and intentional violation of the FOIA statute, and was therefore done in bad faith.

14.   The Defendant CIA's failure and refusal to timely respond to Plaintiff's appeal was in willful and intentional violation of the FOIA statute and regulations, and was therefore done in bad faith.

15.   By reason of Defendant CIA's willful and intentional violations of the FOIA statute and regulations, the Plaintiff has been compelled to file this action in order to obtain copies of the public documents to which he is entitled by law, and where such violations by the Defendant CIA were done in bad faith, Plaintiff Stalcup is entitled to his actual costs of litigation and attorneys fees as provided by 5 U.S.C. Sect. 552(a) (4) (E), as amended Open Government Act of 2007, Sect. 4(a )(2)(ii)(ll).

WHEREFORE, the plaintiff demands Judgment & Relief as follows:

**First, on Count I**: That the Court order the Defendant CIA to produce its complete file on TWA Flight 800 as described in Plaintiff's FOIA request within CIA File F-2010-00895;

**Second, on Count II:** That the Court order the Defendant CIA to pay the plaintiff's actual attorneys fees, litigation costs and expenses for bringing this action; and

**Third, on the Complaint:** That the Court award to Plaintiff such other relief as this it deems just, equitable and appropriate based on the law and the facts as pleaded herein.

Dated:   July 15, 2011

For the Plaintiff, Thomas Stalcup
By his Attorney,

*/s/ Richard K. Latimer*

Richard K. Latimer, BBO #287840
222 Main Street, Suite 204
Falmouth, MA  02540
(508) 548-7006
rklaw@cape.com